ROBERT H. TYLER (179572)
btyler@faith-freedom.com
SAMUEL KANE (*pro hac vice forthcoming*)
skane@faith-freedom.com
JOEL OSTER (*pro hac vice forthcoming*)
joster@faith-freedom.com
**ADVOCATES FOR FAITH & FREEDOM**
25026 Las Brisas Road
Murrieta, California 92562
Telephone:  (951) 600-2733
Facsimile:  (951) 600-4996

RACHELE R. BYRD (190634)
byrd@whafh.com
STEPHANIE AVILES (350289)
saviles@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ANNIE AHN, JORGE ALVAREZ, LAWANDA AVILA, COORINA AYALA, BRANDON BOWYER, SHIRLEY CHILDS, LANANH D'AMOUR, MEGAN DEDIOS, SINORA FREELAND, JEREMY GARVIN, LOURDES GOMEZ, LYDIA GONZALES-MURPHY, ANDREW HARDY, DANELE HOWARD, WILLIAM KOZICH, BRANDON LIM, RASHAAD MALVO, BRIAN MILLER, RUSTYN MOONEY, DUANE MOTEN, SUZANNE NICHOLS, CARLOS PADILLA, BRENDA PEREZ, TIMOTHY PERRY, PRABHAKAR ISAAC, DALE NELSON, ARISTIDES PULIDO, CHRISTINA RODRIGUEZ, ROXANA RUANO, ARNULFO SANCHEZ, ADAM VALLE, BRANDI VILLEGAS, and MARTHA-KATHLEEN VOLLE, | Case No.: <br><br> **COMPLAINT FOR:** <br> **1. Violation of the Free Exercise Clause of the First Amendment to the United States Constitution, 42 U.S.C. § 1983;** <br> **2. Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*;** <br> **3. Violation of California's Fair Employment and Housing Act, Cal. Gov't Code § 12940; and** <br> **4. Deprivation of Civil Rights Under 42 U.S.C. § 1983 (*Monell*)** <br><br> **JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| vs. | |
| SANTA CLARA COUNTY, | |
| Defendant. | |

## I.   NATURE OF THE ACTION

1.      This is a complaint for employment discrimination brought by employees holding religious convictions against taking the SARS-CoV-2 ("COVID-19") vaccine and boosters.

2.      In early 2020, the world discovered a novel coronavirus, COVID-19. Governments responded with unprecedented restrictions on freedom. They closed schools and shut down industries. They decided which activities were "essential" and which were not.

3.      Many of these orders started in Santa Clara County (the "County" or "Defendant"). Indeed, former County Counsel James Williams and former Health Officer Dr. Sara Cody take credit for the first lockdown.

4.      During 2020, several experimental vaccines were developed to help limit the effects of COVID-19. They were developed quickly to protect those who were at highest risk of becoming seriously ill from COVID-19, such as the elderly and those with multiple co-morbidities.

5.      Responding to the spread of Omicron and other variants, County executives ordered that all workers in high-risk settings in the County get the COVID-19 vaccine plus the most recent boosters.

6.      County executives have the sole authority to enforce COVID-19 mandates and policies in the County and retain the discretion to exempt anyone from their policies or amend their policies at any time.

7.      Plaintiffs are or were during the relevant time period County employees whose religious beliefs prevent them from taking the COVID-19 vaccine or boosters. In the fall of 2021, Defendant issued a mandate that all of its personnel must be vaccinated against COVID-19 or face termination. The County stated that it would accept requests for exemption from the vaccine mandate for medical, disability, and religious reasons. Plaintiffs all requested religious exemptions from the COVID-19 vaccination requirements and the County granted those exemptions, with one exception. The County subsequently informed Plaintiffs that, despite their religious exemptions, and because of the purportedly high-risk nature of their jobs, they would still be required to take the COVID-19 vaccine and boosters or be placed on administrative leave

without pay for an indefinite period of time. Defendant included in this shocking notification a statement that it would discuss with Plaintiffs potential reassignment or transfer to alternate positions in Plaintiffs' departments or elsewhere in the County. However, instead of engaging in good faith negotiations to determine reasonable accommodations, Defendant relegated Plaintiffs to unpaid leave and stripped them of their employment benefits. By contrast, Defendant assisted individuals with medical and disability exemptions to the COVID-19 vaccine requirement with transfers and reassignments. Defendant also allowed some unvaccinated employees to work in high-risk settings in spite of, and in conflict with, its claim that permitting Plaintiffs to continue working unvaccinated would pose an undue hardship to the County.

8.    This action seeks damages and equitable and injunctive relief related to the County's vaccine orders, policies and conduct that violated California's Fair Employment and Housing Act (FEHA) and Title VII and deprived Plaintiffs of their rights to free exercise of religion.

## II.    PARTIES

9.    Plaintiff Annie Ahn was employed by the County as a Registered Nurse. She holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Ahn submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Ahn was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. She was placed on unpaid administrative leave despite being a charge nurse who had little direct interaction with patients. In fact, she had previously gotten in trouble for putting the phone down to temporarily help with patient care. Furthermore, she had previously been allowed to work directly with COVID-19 patients in full, anti-exposure gear. The County did not offer Plaintiff a reasonable accommodation, or consider her suggestions for reasonable accommodations, such as taking reasonable precautions by wearing gear and testing, teleworking, or helping her transfer to a comparable job in a lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Ahn would have caused it to suffer undue

hardship. Plaintiff knew of non-patient-facing jobs that were available that she was qualified for—such as educational jobs, quality insurance work, and triage nursing positions. However, the County refused to consider her for such positions. Plaintiff was also aware of numerous employees with medical exemptions who were accommodated by being allowed to work jobs that did not include direct patient care or that were otherwise not considered high-risk. Plaintiff Ahn was also aware of other jobs, which directly interacted with the public to a greater extent than her job, but who were considered lower-risk and allowed to continue working without being vaccinated—including sheriff's positions and firefighters. Plaintiff Ahn has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC") and the California Civil Rights Department ("CRD").[1] A true and correct copy of the notices, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as **Exhibit A**.

10.    Plaintiff Jorge Alvarez was employed by the County as a Roofer. Plaintiff Alvarez's job was almost entirely solitary, as he does his work alone and was the only roofer available and working through the pandemic. During the relevant time period, Plaintiff Alvarez arrived at work early in the morning before nearly anyone else, obtained his assignment for the day, and was out of the administrative facility by 6:45 a.m. Sometimes there would be one or two other people in the office, but they were more than 30 feet away from him. Furthermore, his office work could be accomplished remotely anywhere with an internet connection. Ninety-five percent of the time, Plaintiff Alvarez had direct access to the roof he was working on and did not have to pass through the building. The remaining 5% of the time, Mr. Alvarez would have to walk through the building to get to the roof, which did not require any human contact and could be accomplished in a matter of minutes. Also, there were enough buildings with direct roof access that needed work that Mr. Alvarez could have continued to work full-time without ever having to

---

[1] The EEOC and the CRD have a work-sharing agreement that "automatically initiate[s] the proceeding of both the EEOC and [CRD] for the purposes of Sections 706(c) and (e)(1) of Title VII." Worksharing Agreement Between State of California Civil Rights Department & The U.S. Equal Employment Opportunity Commission, 2025, available at: https://calcivilrights.ca.gov/wp-content/uploads/sites/32/2025/05/WSA-CRD-EEOC-FY25-CPG-Signed-Oct-15-2024.pdf (last visited Aug. 5, 2025).

enter a building. Plaintiff Alvarez holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Alvarez submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Alvarez was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. Plaintiff Alvarez was placed on administrative leave despite originally being told his position was categorized as being low-risk. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff Alvarez has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

11.     Plaintiff Lawanda Avila was employed by the County as a Rehabilitation Counselor. When COVID-19 appeared in 2020, the County made her work from home full-time and she completed all her job functions from her house until the County forced her to return to on-site work on July 15, 2021, and required her to test since she was unvaccinated. On August 2, 2021, she received an Americans with Disabilities Act (ADA) accommodation such that she was no longer required to go into locked facilities to see her clients. This accommodation was valid until November 1, 2021. In practice, her ADA accommodation removed most, if not all, of her in-person client interaction since she rarely had clients who were not in locked facilities. Her work was fully completed over the computer or telephone—like she did from home during COVID until July 15, 2021. Despite this, her job was labeled as high-risk, and she was told to get vaccinated to keep her job. Plaintiff Avila holds sincere religious beliefs that prevented her from receiving the COVID-19 vaccine and boosters without violating her faith. Plaintiff Avila submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Avila was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the

COVID-19 vaccine—on the same day her ADA accommodation expired. The County did not offer Plaintiff Avila reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. In fact, when she reached out to the administrative executive overseeing accommodation, she was told that this was not an interactive process and her request to continue to work from home was denied, despite successfully performing her job duties from home during COVID and prior to the vaccine mandate. The County cannot demonstrate that reasonably accommodating Plaintiff Avila would have caused it to suffer undue hardship. Plaintiff Avila has exhausted administrative remedies and has received a notice of right to sue from the EEOC and the CRD. *See* **Exhibit A**.

12.    Plaintiff Coorina Ayala was employed by the County as a Clinical Dietitian. When the COVID-19 pandemic began in 2020, she began working from home and was able to complete every aspect of her job from home since she provided telehealth services to her pregnant clients. The County, however, made her leave the safety of her home to test weekly during this time. Once the vaccine mandate was issued in the fall of 2021, she was told she could no longer work from home and had to vaccinate to continue working. Plaintiff Ayala holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Ayala submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Ayala was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff Ayala has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

13.    Plaintiff Brandon Bowyer was employed by the County as a Methadone Clinic Nurse. His job required him to dispense methadone to patients through a slit in a glass wall from inside a room where he was isolated and never encountered another employee because there was

a separate entrance. Plaintiff Bowyer holds sincere religious beliefs that prevented him from receiving the COVID-19 vaccine and boosters without violating his faith. Plaintiff Bowyer submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Pre-COVID-19, he worked in the dispensary once a week, but once the vaccine mandate was issued, his supervisors and colleagues all agreed he should take the others' shifts and work there full-time as an accommodation. Nevertheless, the County outright denied the requested accommodation, and Plaintiff Bowyer was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. The County did not offer Plaintiff any alternative reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff Bowyer has exhausted administrative remedies and has received a notice of right to sue from the EEOC. *See* **Exhibit A**.

14.    Plaintiff Shirley Childs was employed by the County as a Probation Counselor II. Plaintiff Childs holds sincere religious beliefs that prevents her from receiving the COVID-19 vaccine and boosters. Plaintiff Childs submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Childs was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative and stripped her of employment benefits leave because she did not take the COVID-19 vaccine. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. After using all of her leave bank time, she was forced to retire five years earlier than she had planned because of the financial hardship she experienced from the County's adverse employment action and the lack of accommodation. Plaintiff Childs has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

15.     Plaintiff Lananh D'Amour was employed by the County as a Mammogram Technician. Plaintiff D'Amour holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff D'Amour submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff D'Amour was subjected to adverse employment action when the County forced her to wear stickers on her identification badge that identified her as being unvaccinated until it placed her on indefinite, involuntary and unpaid administrative and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff D'Amour would have caused it to suffer undue hardship. Plaintiff D'Amour has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

16.     Plaintiff Megan DeDios was employed by the County as a Sonographer IIB. When the County issued its vaccine mandate, she was told that if she did not vaccinate, she would lose her job. Plaintiff DeDios holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff DeDios submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff DeDios was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff DeDios reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff DeDios has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

17.     Plaintiff Sinora Freeland was employed by the County as a Mental Health Peer Support Worker. Freeland holds sincere religious beliefs that prevent her from receiving the

COVID-19 vaccine and boosters. Plaintiff Freeland submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Freeland was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff Freeland has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

18.     Plaintiff Jeremy Garvin was employed by the County as a Sheriff's Deputy. Plaintiff Garvin holds sincere religious beliefs that prevented him from receiving the COVID-19 vaccine and boosters without violating his faith. Plaintiff Garvin submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Garvin was subjected to adverse employment action when the County placed him on indefinite, involuntary, and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. He has personal knowledge of other County positions, such as patrol deputy, which were classified as medium-risk, despite regularly having contact with individuals, including during arrests, house visits, and other regular duties of such positions. Upon threat of firing, Plaintiff Garvin was forced to sign a "voluntary" demotion form, to which he attached an addendum stating it was not in fact voluntary. Plaintiff Garvin is aware of vaccinated but non-boosted employees who were allowed to continue to work despite the updated vaccine mandate requiring boosters. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. One job he applied for, a property and evidence job, was labeled a medium- or low-risk position. He placed first in the job evaluation test and obtained the necessary certifications, but the job was given to an individual with less experience and a lower test score. A few months later another property and evidence position was posted, but this time it

was classified as high-risk. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff Garvin has exhausted administrative remedies and has received a notice of right to sue from the CRD. *See* **Exhibit A**.

19.     Plaintiff Lourdes Gomez was employed by the County as a Social Worker III for Child Protective Services. Plaintiff Gomez holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Gomez submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Gomez was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff Gomez reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. Plaintiff Gomez was told that the County would be assisting those with medical exemptions by identifying low- and intermediate-risk positions within and then outside the department to transfer them into, but that those with religious exemptions needed to apply for a new position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff Gomez has exhausted administrative remedies and has received a notice of right to sue from the CRD. *See* **Exhibit A**.

20.     Plaintiff Lydia Gonzales-Murphy was employed by the County as a Clinical Nurse III. Plaintiff Gonzales-Murphy holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Gonzales-Murphy submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Nevertheless, Plaintiff Gonzales-Murphy was subjected to adverse employment action when the County refused to accommodate her, and she was forced to retire early. She had no intention of retiring and had received approval from her supervisor for a temporary special

assignment that would begin after the date she ultimately retired. She suffered significant financial injuries due to the County's actions and now faces a lifetime of significantly reduced pension payments due to her forced early retirement. Plaintiff Gonzales-Murphy has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

21.    Plaintiff Andrew Hardy was employed by the County as a Clinical III Emergency Trauma Charge Nurse. Plaintiff Hardy holds sincere religious beliefs that prevented him from receiving the COVID-19 vaccine and boosters. Plaintiff Hardy submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Hardy was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff Hardy has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

22.    Plaintiff Danele Howard was employed by the County as a Clinical Nurse III. Plaintiff Howard holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Howard submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Howard was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff Howard has exhausted administrative remedies and has received a notice of right to sue from the CRD. *See* **Exhibit A**.

23.     Plaintiff William Kozich was employed by the County as a Therapy Technician. Plaintiff Kozich holds sincere religious beliefs that prevent him from receiving the COVID-19 booster. Plaintiff Kozich submitted a written request for a religious exemption from the COVID-19 booster mandate, and the County granted his request. Nevertheless, Plaintiff Kozich was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 booster. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Kozich would have caused it to suffer undue hardship. Plaintiff Kozich has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

24.     Plaintiff Brandon Lim was employed by the County as a Correctional Deputy Sheriff. Plaintiff Lim holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Lim submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Lim was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff Lim has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

25.     Plaintiff Rashaad Malvo was employed by the County as a Correctional Deputy Sheriff. Plaintiff Malvo holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Malvo submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Malvo was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of

employment benefits because he did not take the COVID-19 vaccine. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship. Plaintiff Malvo has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

26.    Plaintiff Brian Miller was employed by the County as a Registered Nurse. Plaintiff Miller holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Miller submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Miller was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. The County did not offer Plaintiff Miller reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Miller would have caused it to suffer undue hardship. Plaintiff Miller has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

27.    Plaintiff Rustyn Mooney was employed by the County as an Occupational Therapist II. Plaintiff Mooney holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Mooney submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Mooney was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff Mooney reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Mooney would have caused it to suffer undue hardship. Plaintiff

Mooney has exhausted administrative remedies and has received notices of the right to sue from the EEOC and the CRD. *See* **Exhibit A**.

28.    Plaintiff Duane Moten was employed by the County as a Sterilizing and Processing Technician. His job has no client interactions because he only sterilizes and stores surgical instruments. Plaintiff Moten holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Moten submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Moten was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. The County did not offer Plaintiff reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Moten would have caused it to suffer undue hardship. Plaintiff Moten has exhausted administrative remedies and has received a notice of right to sue from EEOC and CRD. *See* **Exhibit A**.

29.    Plaintiff Suzanne Nichols was employed by the County as a Clinical Nurse III. For part of her work duties, she only had to make calls about lab results. She was making these calls from home starting in March/April 2020. Plaintiff Nichols received the original COVID-19 vaccine, but after discovering the vaccine contained fetal cell tissues that violated her sincere religious beliefs, she refused to get the booster. Plaintiff Nichols submitted a written request for a religious exemption from the COVID-19 booster mandate, and the County granted her request. Nevertheless, Plaintiff Nichols was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 booster. The County did not offer Plaintiff Nichols reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Nichols would have caused it to suffer undue hardship. Plaintiff Nichols

has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

30. Plaintiff Carlos Padilla was employed by the County as a Probation Counselor. Plaintiff Padilla holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Padilla submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. The County did not offer Plaintiff Padilla a reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. He requested, and was refused, a transfer to an alternative position he was qualified for within the department, despite a fellow employee with a medical exemption being transferred to the same position. The County cannot demonstrate that reasonably accommodating Plaintiff Padilla would have caused it to suffer undue hardship. Nevertheless, Plaintiff Padilla was subjected to adverse employment action when the County refused to accommodate him, and he was forced to retire for fear of losing his pension. Plaintiff Padilla has exhausted administrative remedies and has received a notice of right to sue from the CRD. *See* **Exhibit A**.

31. Plaintiff Brenda Perez was employed by the County as a Correctional Seargent. Plaintiff Perez holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Perez submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Perez was subjected to adverse employment action when her co-workers and supervisors harassed her and called her an anti-vaxxer, and when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff Perez reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Perez would have caused it to suffer undue hardship. Plaintiff Perez has exhausted administrative remedies and has received a notice of right to sue from the EEOC and CRD. *See* **Exhibit A**.

32.     Plaintiff Timothy Perry was employed by the County as a Correctional Officer. Plaintiff Perry holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Perry submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. But the County did not offer him any reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. Instead, he was threatened with administrative leave that was to start November 2021. But without any explanation, the County changed the date to February 2022. The County cannot demonstrate that reasonably accommodating Plaintiff would have caused it to suffer undue hardship.  Plaintiff Perry was aware of other positions within his department the County could have transferred him to—for example, a job in the control box of the jail where he would have worked alone behind glass—but the County never offered him those positions as accommodations despite his high seniority. Instead, he was subjected to adverse employment action when the County forced him to prematurely retire due to the financial hardship unpaid administrative leave caused him and the lack of accommodation by the County. Plaintiff Perry has exhausted administrative remedies and has received a notice of right to sue from the EEOC and the CRD. *See* **Exhibit A**.

33.     Plaintiff Prabhakar Isaac was employed by the County as an Office Specialist. Plaintiff Isaac holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Isaac submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Isaac was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. The County did not offer Plaintiff Isaac reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Isaac would have caused it to suffer undue hardship. Plaintiff Isaac has exhausted administrative remedies and has received a notice of right to sue from EEOC and CRD. *See* **Exhibit A**.

34.     Plaintiff Dale Nelson was employed by the County as a Correctional Officer. Plaintiff Nelson holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Nelson submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County denied his request. Nevertheless, Plaintiff Nelson was subjected to adverse employment action as he was forced to retire to avoid losing his benefits as he risked doing if the County fired him for cause. The County did not offer Plaintiff Nelson reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Nelson would have caused it to suffer undue hardship. Plaintiff Nelson has exhausted administrative remedies and has received a notice of right to sue from the CRD. *See* **Exhibit A**.

35.     Plaintiff Aristides Pulido was employed by the County as a Probation Counselor. Plaintiff Pulido holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Pulido submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Pulido was subjected to adverse employment action when the County threatened to place him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. Plaintiff Pulido was not financially ready to retire and had planned to continue working for the County. However, the County's threats forced him to retire. Plaintiff Pulido suffered significant financial injuries due to the County's actions, including having to sell his house to survive. Plaintiff Pulido now faces a lifetime of significantly reduced pension payments due to his forced early retirement. The County did not offer Plaintiff Pulido reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. When he attempted to engage in the accommodations process, he was told he could not internally transfer without vaccinating and that he would have to apply to a job in the same manner as any individual from the general public. The County cannot demonstrate that reasonably accommodating Plaintiff Pulido would have caused it to suffer undue

hardship. Plaintiff Pulido has exhausted administrative remedies and has received a notice of right to sue from the CRD. *See* **Exhibit A**.

36.     Plaintiff Christina Rodriguez was employed by the County as a Registered Environmental Health Specialist. The County could have accommodated Plaintiff Rodriguez by permitting her to conduct her inspections in a manner that did not create a heightened risk of COVID-19 transmission, such as conducting land-use or swimming pool inspections. The County could have also permitted her to continue to work as a disaster services worker, a job she was asked to do during the height of the pandemic. Plaintiff Rodriguez holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Rodriguez submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Rodriguez was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff Rodriguez reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Rodriguez would have caused it to suffer undue hardship. Plaintiff Rodriguez has exhausted administrative remedies and has received a notice of right to sue from the CRD. *See* **Exhibit A**.

37.     Plaintiff Roxana Ruano was employed by the County as a Hospital Service Assistant. Plaintiff Ruano holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Ruano submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Ruano was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff Ruano reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Ruano would have caused it to suffer undue hardship. Plaintiff Ruano

has exhausted administrative remedies and has received a notice of right to sue from the EEOC and the CRD. *See* **Exhibit A**.

38.     Plaintiff Arnulfo Sanchez was employed by the County as a Probation Counselor I. Plaintiff Sanchez holds sincere religious beliefs that prevented him from receiving the COVID-19 vaccine and boosters. Plaintiff Sanchez submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Sanchez was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. The County did not offer Plaintiff Sanchez reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. In contrast, however, one of his colleagues who worked in the same department and obtained a medical exemption was assisted and accommodated with a transfer to a position as a probation officer—a position that he was also qualified for. The County failed to even respond to his multiple requests for accommodation until Plaintiff Sanchez also obtained a medical exemption for the vaccine mandate. Plaintiff Sanchez interviewed for approximately two positions and then was told that the County was no longer reasonably accommodating people with medical exemptions.[2] The County cannot demonstrate that reasonably accommodating Plaintiff Sanchez would have caused it to suffer undue hardship. Plaintiff Sanchez has exhausted administrative remedies and has received a notice of right to sue from the CRD. *See* **Exhibit A**.

39.     Plaintiff Adam Valle was employed by the County as a Sheriff's Office Lieutenant. His job duties would have allowed him to easily isolate within his own office with a closed door and not require any in-person interactions to oversee the correctional facility units. In fact, this is exactly what the County allowed when it asked Plaintiff Valle to return from administrative leave for a special three-week assignment because he needed testify in a case.

---

[2] Upon information and belief, the County stopped assisting Plaintiff Sanchez when the Court in *UnifySCC v. Cody*, Case No. 22-cv-01019-BLF (N.D. Cal.) issued a preliminary injunction on June 30, 2022, enjoining the County from giving accommodation preference to individuals with medical and disability exemptions over those with religious exemptions.

Plaintiff Valle was instructed to keep this on the "down-low." Notably, when he returned to work, he was not required to mask or test, he was still around all the same personnel as before, and he completed all his same job duties during those three weeks. The only time he wore a mask was when he testified on March 13, 2022.  He was then forced to return to unpaid administrative leave after the three weeks ended. Plaintiff Valle also had a unique insight into the County's vaccination mandate and its implementation due to his work responsibilities. Through his duties, he learned that employees who were vaccinated but did not receive a booster were not put on administrative leave despite the updated vaccine mandate requiring boosters. He also observed certain other employees with captain and sergeant ranks who were unvaccinated and were allowed to go into hospitals and continue their jobs overseeing the hospital. Plaintiff Valle holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccine and boosters. Plaintiff Valle submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted his request. Nevertheless, Plaintiff Valle was subjected to adverse employment action when the County placed him on indefinite, involuntary and unpaid administrative leave and stripped him of employment benefits because he did not take the COVID-19 vaccine. The County did not offer Plaintiff Valle reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Valle would have caused it to suffer undue hardship. Plaintiff Valle has exhausted administrative remedies and has received a notice of right to sue from the EEOC and the CRD. *See* **Exhibit A**.

40.    Plaintiff Brandi Villegas was employed by the County as a Senior Health Services Representative. Her job had no public interaction and could be completed at home with very little office presence. In fact, she worked remotely part-time before the County issued its vaccine mandate. Her position and authority would have allowed her to delegate her in-office work to another employee who was vaccinated. Plaintiff Villegas holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Villegas submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Villegas was subjected to adverse employment

action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. The County did not offer Plaintiff Villegas reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Villegas would have caused it to suffer undue hardship. Plaintiff Villegas has exhausted administrative remedies and has received a notice of right to sue from the EEOC and the CRD. *See* **Exhibit A**.

41. Plaintiff Martha-Kathleen Volle was employed by the County as a Respiratory Therapist/Respiratory Care Practitioner II. Plaintiff Volle holds sincere religious beliefs that prevent her from receiving the COVID-19 vaccine and boosters. Plaintiff Volle submitted a written request for a religious exemption from the COVID-19 vaccination mandate, and the County granted her request. Nevertheless, Plaintiff Volle was subjected to adverse employment action when the County placed her on indefinite, involuntary and unpaid administrative leave and stripped her of employment benefits because she did not take the COVID-19 vaccine. Plaintiff Volle's management bullied her, and the Director of Respiratory Care threatened her in front of her co-workers, saying, if she did not take the "shot" she would not be allowed to return to work. The County did not offer Plaintiff Volle reasonable accommodation such as masking and testing, teleworking, or a job transfer to a comparable but lower-risk position. The County cannot demonstrate that reasonably accommodating Plaintiff Volle would have caused it to suffer undue hardship. Plaintiff Volle has exhausted administrative remedies and has received a notice of right to sue from the EEOC and the CRD. *See* **Exhibit A**.

### III.    JURISDICTION AND VENUE

42. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the U.S. Constitution and laws of the United States. This action presents a federal question, pursuant to 28 U.S.C. § 1343(a)(3)-(4). The Court also has jurisdiction under 42 U.S.C. § 2000-e5(f)(3).

43. This Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367.

44.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)–(2) because Defendant is situated in this judicial district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## IV.     FACTUAL BACKGROUND

### A.  Santa Clara County's COVID-19 Vaccination Policies and Risk Tier System

45.     On August 5, 2021, the State Health Department issued an order requiring all workers who provided services to or worked in health care facilities to be vaccinated by September 30, 2021. The August 5, 2021 State Order allowed for exemptions from the vaccine requirement for individuals with sincerely health religious beliefs or qualifying medical reasons. Under the State order, those individuals with exemptions were permitted to continue to work if they complied with certain testing and masking requirements.

46.     On that same day, County Executive Jeffrey V. Smith and County Counsel James R. Williams issued a Memorandum addressing the "COVID-19 Vaccination Requirement for County Personnel" to all County personnel. *See* **Exhibit B**. This mandate required all County personnel to be vaccinated against COVID-19, but allowed for exemptions for individuals with medical contraindications, disability, and objection to COVID-19 vaccination based on their sincerely-held religious belief, practice or observance.

47.     The County instructed employees seeking accommodations to "[c]ontact their department head or designee(s) to obtain a copy of the appropriate form"—either the "Medical Exemption and/or Disability Accommodation Request Form" or the "Religious Accommodation Request Form"—and then to complete and submit the form to the County Equal Opportunity Division.

48.     In the weeks following issuance of the vaccine mandate, County officials created a Risk Tier System that classified employees' positions as low-risk, intermediate-risk, or high-risk for COVID-19 (the "Risk Tier System"). County employees would apply for and receive vaccination exemptions, and then County department heads would determine whether the employee's role was high, intermediate, or low risk. Defendant purportedly considered the following factors: the quantity and nature of contact an employee had with others; the risk posed

to vulnerable populations served by the County; the risk posed to persons at serious risk of illness and death from COVID-19; the risk posed to other employees; the risk of COVID-19 outbreaks in the work setting; and the essential job functions the employees were required to perform. *See* **Exhibit C**.

49.    The County tasked each department head with determining the risk level of County positions. In larger departments, department heads often passed the assignment off to people who worked under them. The determinations were made on a case-by-case basis and did not require consulting with a medical professional.

50.    For employees whose positions were categorized as low-risk, they could continue to work in that role if they wore a surgical mask and took a weekly PCR or antigen COVID-19 test. For those categorized as intermediate-risk, they could continue in their roles as long as they wore an N95 respirator and took two PCR or antigen COVID-19 tests weekly. However, employees categorized as working in high-risk positions could not continue to work if they remained unvaccinated, even with a religious exemption.

51.    By August 2021, a large majority of County residents were already vaccinated. Moreover, masking and social distancing help prevent COVID-19 transmission, and these precautions, in combination with periodic testing for COVID-19, were the mode of transmission control the County utilized prior to the time that vaccines became available. Despite these facts, the County did not permit its unvaccinated employees that it categorized as working in high-risk jobs to continue working, even with a religious exemption.

52.    On December 22, 2021, the State Health Department amended its prior order to make booster vaccines mandatory. The December 22 State order again allowed for exemptions from the vaccine and booster requirements and permitted exempt individuals to work in health care facilities by meeting certain masking and testing requirements.

53.    On December 28, 2021, the County Health Officer issued a health order "requiring up-to-date vaccination for workers in certain high-risk settings" in the County "(i.e., both fully vaccinated and boosted against COVID-19 if eligible for a booster)" by January 24, 2022. The higher risk settings included skilled nursing facilities, healthcare delivery facilities, medical first

responders, jails and other correctional facilities. The December 28 order also expanded the number of settings and positions considered high-risk. *See* **Exhibit D**. While the December 28 Health Order mandated that employers should permit religious and medical exemptions, and should comply with reasonable accommodation requirements, the Order instructed that any individuals who were not "compliant with the vaccination requirements [therein] cannot work in Higher-Risk Settings . . . regardless of whether they have a pending exemption request or an approved exemption." To comply with these further health orders, the County updated its vaccination policy for County employees on January 4, 2022.

54.     On January 10, 2022, in light of the rapid onset of critical staffing concerns at some facilities with higher-risk settings, the County issued a directive establishing a limited waiver process. The waiver was available to entities facing critical staffing shortages and applied to personnel who received a bona fide medical and/or religious exemption and who followed specific safety protocols. *See* **Exhibit E.**

55.     On March 7, 2022, the County Public Health Department issued a County-wide public health order permitting unvaccinated, exempt employees to return to work in higher-risk settings so long as they followed a minimum set of public health and safety measures, such as masking and testing. Despite this order, and despite the fact that the overwhelming majority of County residents were vaccinated by March 2022, the County did not permit Plaintiffs to return to work. Instead, on March 28, 2022, the County announced that it had made "updates" to its vaccination policy, which still required "all County personnel [to] be fully vaccinated and up-to-date on boosters for which they are eligible," and which still provided that unvaccinated workers in high-risk jobs, even if exempt, could not return to work.

56.     Finally, on September 27, 2022, the County Health Department issued an updated policy, rescinding the vaccination requirement for all County employees and risk tiers.

**B. Plaintiffs Hold Sincere Religious Beliefs that Prevent them from Taking the COVID-19 Vaccines**

57.     Plaintiffs work or worked for the County and were subject to its COVID-19 vaccine policies and orders. Each hold sincere religious beliefs that prevent them from taking the

COVID-19 vaccine and boosters. The County acknowledged Plaintiffs' sincerely held religious beliefs by granting them religious exemptions, but the County then subjected them to adverse employment action by placing them on unpaid leave and stripping them of their employment benefits.

### C. Differing Accommodation Processes for Medically and Religiously Exempt Employees in High-Risk Settings

58.     The County's vaccination policy reflects that medically exempt employees were "entitled to priority consideration for placement in or selection for vacant positions as part of the accommodation process, consistent with disability law." *See* **Exhibit C.** In practice, this resulted in the County referring religiously exempt and medically exempt employees in high-risk settings to different departments that offered different accommodation processes.

59.     Employees with medical exemptions were referred to work with the County's Equal Opportunity Division ("EOD"), which assisted medically exempt employees in identifying positions that would accommodate the employee's medical disability. Once a vacancy was identified, the EOD would work with the department to directly place the medically exempt employee into the identified position. The medically exempt employee did not have to apply or compete for the position.

60.     In contrast, employees with religious exemptions were referred to work with the County's Employment Services Agency ("ESA"), who created a VaxJobReview Team. This team merely assisted religiously exempt employees in identifying open County positions. The employee was required to apply for the position themselves and engage in a competitive recruitment process to obtain the position. Religiously exempt employees did not know the risk tier of the position they were applying for until they applied for the new position. Religiously exempt employees were not granted automatic placement/transfer or preferential treatment. After this Court in *UnifySCC v. Cody*, No. 5:22-cv-01019-BLF (N.D. Cal.) issued a preliminary injunction enjoining this practice on June 30, 2022 (*see id*. at ECF No. 44), the County responded by no longer providing transfers or reassignments to *any* employees with exemptions—religious

or medical. Instead, all unvaccinated employees with exemptions were required to apply for a new position.

### D. Defendant Did Not Offer Plaintiffs Reasonable Accommodations

61.     The County's vaccination policy specifically outlined a process by which Plaintiffs and Class members could apply for a religious exemption, and with the exception of Plaintiff Dale Nelson, it granted those exemptions only to then subsequently refuse to honor them in practice. The County's vaccine policies and orders also failed to give way to Plaintiffs' need for accommodation. The County's purported accommodation of involuntary and indefinite unpaid leave was patently unreasonable, given that Plaintiffs were not subject to the vaccine orders and policies because the County granted them religious exemptions. Accommodating Plaintiffs and Class members could not pose an undue hardship when the policy itself expressly provided for religious exemptions. The County unilaterally determined that the only accommodation it could provide Plaintiffs was unpaid leave. Taking away a religious objector's livelihood for an indefinite period for refusing to consent to a vaccine that violates the objector's religious beliefs is not a reasonable accommodation. Had the County engaged in good-faith efforts to accommodate the Plaintiffs' religious beliefs, it would have discovered ample alternative means of accommodation beyond indefinite unpaid leave.

62.     The County did not offer reasonable accommodations to Plaintiffs such as weekly testing, teleworking, working a modified shift, or requiring them to wear N95 masks. Nor did the County engage in an interactive process with Plaintiffs to identify any alternative accommodation.

63.     Instead, Plaintiffs were placed on indefinite, involuntary and unpaid administrative leave. Plaintiffs were permitted to exhaust their leave banks such as their already-earned vacation and comp time, and, after that, their leave was completely unpaid. Once their leave bank time ran out, they were also deprived of other benefits of employment, including, but not limited to, medical insurance, the accrual of CalPERS credits which determine their retirement benefits, the accrual of service credits, the accrual of paid time off (PTO) such as vacation, sick and comp time, raises, promotions, and opportunities to work overtime.

### E. Defendant Cannot Demonstrate It Would Have Suffered Undue Hardship to Reasonably Accommodate Plaintiffs

64.     Pursuant to guidance promulgated by the EEOC, "A refusal to accommodate is justified only when an employer . . . can demonstrate that an undue hardship would in fact result from each available alternative method of accommodation." 29 C.F.R. § 1605.2(c).

65.     To establish that a particular accommodation would impose undue hardship, an employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business. This requires courts to take into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of an employer.

66.     Where an employer determines a particular accommodation request would cause undue hardship, the employer must consider alternative accommodation options.

67.     Additionally, the EEOC instructs that the County was required to "offer the alternative which least disadvantages the individual with respect to his or her employment opportunities." 29 C.F.R. § 1605.2(c)(2)(ii).

68.     Considering the County's high vaccination rates in 2021 and 2022, there was no justification for the County to exclude Plaintiffs from the workplace. When the vaccination mandate was implemented, 81.7% of County residents were vaccinated. Employees with religious exemptions working in high-risk jobs made up just 2 percent of the County's overall workforce.

69.     Moreover, both state and federal mandates, which were purportedly based on the same scientific consensus, expressly allowed for religious accommodation, even in high-risk settings.

70.     Masking and social distancing are effective at limiting the spread of COVID-19, and these types of accommodations incur de minimis cost to the County.

71.     Notably, prior to the vaccine mandate and throughout the height of the COVID-19 pandemic, the County permitted all employees to mask and test. At all relevant times following the vaccination mandate, the County permitted religiously exempt employees in low- and intermediate-risk settings to wear masks and test for COVID-19 but precluded Plaintiffs from the same opportunity.

72.    The County's orders concerning exempt employees in high-risk settings were stricter than State guidance and other counties' practices, both of which permitted exempt employees to continue working in high-risk settings if the employees remained in compliance with masking and testing requirements. Furthermore, rules promulgated by the federal government requiring medical facilities to ensure their staff were vaccinated also allowed for religious exemptions. Moreover, other hospitals and jails in the State exempted workers with religious objections to the vaccine from their vaccination mandates

73.    Ironically, it is the County's implementation of its vaccination policy that resulted in hardship to the County's operations, as County hospitals and jail facilities suffered critical staffing shortages due to the vaccination mandate. The significant programmatic risks and costs associated with placing exempt employees on leave, rather than accommodating them with masking and testing, undermine any claims that such accommodation would have created undue hardship.

74.    Moreover, the County allowed some unvaccinated and/or non-boosted employees in high-risk settings to work (including within six feet of others), such as correctional deputies. The correctional deputies worked in a COVID-19 unit where they were exposed to around seventy inmates infected with COVID-19. The County cannot demonstrate it would have suffered undue hardship by reasonably accommodating Plaintiffs when it allowed other unvaccinated employees who worked in high-risk jobs to continue working.

75.    The County's failure to accommodate is particularly unreasonable from the period of March 7, 2022, to September 27, 2022. On March 7, 2022, the County Public Health Department amended its order to permit unvaccinated employees working within the County of Santa Clara with exemptions from the vaccination requirements to return to work, even if they worked in high-risk settings, so long as they complied with certain masking and testing requirements. Despite this order, the County did not change its policy to permit its own unvaccinated, exempt employees to return to work. By this time, unvaccinated personnel in high-risk jobs constituted only 0.6% of the County's workforce, and 90.5% of County residents ages 5 and up were vaccinated.

## V.    PLAINTIFFS' CLAIMS ARE TIMELY

76.    On August 23, 2022, a class action complaint was filed in this Court in *UnifySCC v. Cody*, No. 5:22-cv-01019-BLF. On April 29, 2024, the Court certified a class in that action defined as:

> All individuals who: 1) work or worked for the County and/or [] were subject to its vaccine policies and orders, including the Risk Tier System; 2) were forced by the County to choose between taking the vaccine to maintain their jobs and/or their employment-related benefits or being placed on unpaid leave; 3) were [] classified as working in high risk jobs pursuant to the County's Risk Tier System; and 4) received [] a religious exemption from the County (the "Class") between August 5, 2021 and September 27, 2022 (the "Class Period").

Plaintiffs' complaint is timely because Plaintiffs were all members of that Class until the Court decertified the Class on May 21, 2025, and the pendency of the class action tolled the applicable statute of limitations from August 23, 2022 to May 21, 2025.

77.    Plaintiffs' complaint is also timely because Plaintiffs were members of UnifySCC. UnifySCC received its EEOC right-to-sue letter on behalf of its members on January 10, 2022. *See* **Exhibit F.**

78.    Plaintiffs' compliant is also timely because Plaintiffs filed administrative charges with the EEOC and/or CRD within three hundred days from the last act of discrimination and distinct adverse employment actions. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) ("In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; . . . .").

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### Violation of the Free Exercise Clause of the
#### First Amendment to the United States Constitution, 42 U.S.C. § 1983

79.    Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

80.     The First Amendment's Free Exercise Clause provides that "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof."

81.     Defendant's vaccine orders and policies were not neutral and generally applicable because, prior to Court intervention, Defendant prioritized medical exemptions over religious exemptions. Defendant's policies and practices cannot survive strict scrutiny.

82.     Defendants' implementation of the accommodation process that favored individuals with exemptions based on disability or medical reasons over those with exemptions based on religion was not neutral and generally applicable, effectively disfavoring certain exempted employees based on religion and failing strict scrutiny.

83.     Defendants' vaccine orders and policies fail strict scrutiny because they are not narrowly tailored to meet any compelling government interest.

84.     As a direct and proximate result of Defendant's violation of the First Amendment, Plaintiffs have suffered, and continue to suffer, irreparable harm, emotional harm, loss of wages and benefits, including the loss of their fundamental constitutional rights. Plaintiffs are entitled to nominal damages, equitable and injunctive relief, compensatory damages in an amount to be proven at trial, and attorneys' fees under 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
### Violation of Title VII, 42 U.S.C. § 2000e, *et seq*.

85.     Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

86.     Title VII of the Civil Rights Act of 1964 prohibits Defendant from discriminating against its employees because of their sincerely held religious beliefs. *See* 42 U.S.C. § 2000e-2(a).

87.     At all relevant times, Title VII was in full force and effect and was binding on Defendant.

88.     At all relevant times, Plaintiffs were performing competently in their jobs as Defendant's employees.

89.    During the relevant time period the County required its employees to be vaccinated against COVID-19.

90.    Plaintiffs hold bona fide religious beliefs that prevent them from becoming vaccinated with COVID-19 vaccine and boosters.

91.    Plaintiffs asserted the existence of sincere religious beliefs that prevented them from becoming vaccinated with the COVID-19 vaccines and boosters and informed the County of their beliefs when they submitted their religious exemption requests. With the exception of Plaintiff Dale Nelson, the County granted Plaintiffs the requested exemptions.

92.    The County took adverse employment action against Plaintiffs for failing to comply with the County's vaccination requirement by threatening to place them and/or actually placing them on indefinite, involuntary and unpaid administrative leave and stripping them of their employment benefits including, but not limited to, medical insurance, the accrual of CalPERS credits, the accrual of service credits, the accrual of paid time off (PTO) such as vacation, sick and comp time, raises, promotions, and opportunities to work overtime. To the extent Plaintiffs were permitted to use, and did use, leave bank time for part of the time they were on administrative leave, Plaintiffs had already earned and accrued that time, such as vacation and comp time, and, therefore, their leave was not paid. But for the County placing Plaintiffs on administrative leave, Plaintiffs would have used their leave bank time for other purposes and/or received compensation or CalPERS credits for their unused leave bank time.

93.    Some of the Plaintiffs were also forced to retire sooner than they would have otherwise retired due to the financial strain they experienced from the County placing them on administrative leave without pay for an indefinite period of time and, as a result, their retirement benefits are materially less than they otherwise would have been.

94.    Defendant failed to make good faith efforts to accommodate reasonably Plaintiffs' religious beliefs. The County failed to engage in interactive processes with Plaintiffs to determine if reasonable accommodation was available such as transfers or reassignments, testing, requiring them to wear masks, or allowing them to work remotely. Defendant cannot demonstrate that

providing these accommodations to Plaintiffs would have imposed an undue burden on the County.

95.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiffs suffered emotional distress and the loss of employment and/or employment benefits, entitling them to equitable and injunctive relief and damages.

96.     Plaintiffs are entitled to recover their costs and attorneys' fees under 42 U.S.C. § 2000e–5(k).

### THIRD CAUSE OF ACTION
### Violation of California's Fair Employment and Housing Act, Cal. Gov't Code § 12940

97.     Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

98.     FEHA makes it unlawful "[f]or an employer, because of the . . . religious creed . . . of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." CAL. GOV'T CODE § 12940(a).

99.     At all times, FEHA was in full force and effect and was binding on Defendant.

100.     FEHA requires employers to reasonably accommodate an employee's religious beliefs and practices that conflict with a work requirement.

101.     Defendants have discriminated against Plaintiffs on the basis of their sincerely-held religious beliefs.

102.     Accommodating Plaintiffs did not pose a significant difficulty or expense to Defendant under California Government Code § 12926(u).

103.     Defendant failed to engage in reasonable negotiations to determine if it could reasonably accommodate Plaintiffs, such as through transfers or reassignments, remote work, bi-weekly testing, or requiring them to wear masks. Defendant cannot demonstrate that providing these accommodations would have imposed an undue burden.

104.     As a direct and proximate result of Defendant's violation of FEHA, Plaintiffs suffered emotional distress and loss of employment and/or employment benefits, entitling them to equitable and injunctive relief and damages.

105.     Plaintiffs are entitled to recover their costs and attorneys' fees under California Government Code § 12965(c)(6).

### FOURTH CAUSE OF ACTION
### Deprivation of Civil Rights Under 42 U.S.C. § 1983 (*Monell*)

106.     Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

107.     The unlawful actions carried out by Defendant, as alleged in the First through Third Causes of Action, were carried out by individuals who sit at the top of their departments within the County and who qualify as final policymakers under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

108.     Furthermore, the County's orders and policies, although distributed and enforced by County Counsel James Williams and County Executive Jeffrey Smith, were ratified by Dr. Sara Cody. Other departments within the County, such as the EOD, were directed by Defendant to prioritize medical exemptions over religious exemptions. Therefore, the County is liable for damages due to its executives' unlawful actions.

109.     Plaintiffs are entitled to recover their costs and attorneys' fees under 42 U.S.C. § 1988.

### VII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court enter judgment in their favor, and against Defendant, for full relief, including the following:

1. An award of nominal damages for violation of Plaintiffs' civil rights;

2. An award for actual, consequential, and incidental financial losses, including, but not limited to, lost back pay, front pay, benefits, lost overtime, and other compensation, plus interest in an amount to be proven at trial;

3. An award of compensatory damages including for emotional distress;

4. For equitable relief in the form of an order restoring employee benefits, including, but not limited to, vacation days, comp hours, lost service time hours, CalPERS credits, pension benefits, and insurance;

5. For costs, attorneys' fees and interest, as allowed by law; and

6. For such other relief the Court determines is proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all the claims asserted in this Complaint so triable.

DATED: August 18, 2025

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:   */s/ Rachele R. Byrd*
RACHELE R. BYRD
byrd@whafh.com
STEPHANIE AVILES
aviles@whafh.com
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:     (619) 239-4599
Facsimile:     (619) 234-4599

ROBERT H. TYLER
btyler@faith-freedom.com
JOEL OSTER
joster@faith-freedom.com
SAMUEL KANE
skane@faith-freedom.com
**ADVOCATES FOR FAITH & FREEDOM**
25026 Las Brisas Road
Murrieta, California 92562
Telephone:     (951) 600-2733
Facsimile:     (951) 600-4996

*Attorneys for Plaintiffs*